# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAMARA K.,[1] <br><br> Plaintiff, <br><br> v. <br><br> NANCY A. BERRYHILL, Acting Commissioner of Social Security, <br><br> Defendant. | Case No. 5:18-cv-01451-AFM <br><br> **MEMORANDUM OPINION AND ORDER REVERSING AND REMANDING DECISION OF THE COMMISSIONER** |

Plaintiff seeks review of the Commissioner's final decision denying her application for disability insurance benefits. In accordance with the Court's case management order, the parties have filed memorandum briefs addressing the merits of the disputed issues. This matter is now ready for decision.

## BACKGROUND

Plaintiff filed an application for disability insurance benefits on May 12, 2014, alleging that she became disabled on April 1, 2014. (Administrative Record ("AR") 15.) Her application was denied initially and upon reconsideration. (AR 66-91.) On

---

[1] Plaintiff's name has been partially redacted in accordance with Federal Rule of Civil Procedure 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

March 24, 2017, a hearing was held before an Administrative Law Judge ("ALJ"), at which Plaintiff (who was represented by counsel), testified. (AR 41-65.) In a decision dated July 19, 2017, the ALJ denied Plaintiff's disability insurance benefits claim. (AR 12-32.) The Appeals Council denied review, rendering the ALJ's decision the final decision of the Commissioner. (AR 1-3.)

## DISPUTED ISSUES

1. Whether the ALJ properly evaluated the opinions of Plaintiff's four treating physicians.
2. Whether the ALJ properly rejected Plaintiff's subjective complaints.

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), the Court reviews the Commissioner's decision to determine whether the Commissioner's findings are supported by substantial evidence and whether the proper legal standards were applied. *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1098 (9th Cir. 2014). Substantial evidence means "more than a mere scintilla" but less than a preponderance. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401. Where evidence is susceptible of more than one rational interpretation, the Commissioner's decision must be upheld. *See Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007).

## DISCUSSION

Plaintiff contends that the ALJ failed to properly consider her subjective complaints regarding pain and other symptoms.

**1. Relevant Law**

Where, as here, a claimant has presented evidence of an underlying impairment that could reasonably be expected to produce pain or other symptoms, the ALJ must "evaluate the intensity and persistence of [the] individual's symptoms ... and

2

determine the extent to which [those] symptoms limit his ... ability to perform work-related activities ...." SSR 16-3p, 2016 WL 1119029, at *4. Absent a finding that the claimant is malingering, an ALJ must provide specific, clear and convincing reasons before rejecting a claimant's testimony about the severity of his symptoms. *Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017) (citing *Garrison v. Colvin*, 759 F.3d 995, 1014-1015 (9th Cir. 2014)). "General findings [regarding a claimant's credibility] are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Burrell v. Colvin*, 775 F.3d 1133, 1138 (9th Cir. 2014) (quoting *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995)). The ALJ's findings "must be sufficiently specific to allow a reviewing court to conclude the adjudicator rejected the claimant's testimony on permissible grounds and did not arbitrarily discredit a claimant's testimony regarding pain." *Brown-Hunter v. Colvin*, 806 F.3d 487, 493 (9th Cir. 2015) (quoting *Bunnell v. Sullivan*, 947 F.2d 341, 345-346 (9th Cir. 1991) (en banc)).

Factors an ALJ may consider when making such a determination include the objective medical evidence, the claimant's treatment history, the claimant's daily activities, unexplained failure to pursue or follow treatment, and inconsistencies in testimony. *See Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014); *Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012). If the ALJ's credibility finding is supported by substantial evidence in the record, the court may not engage in second-guessing. *Thomas v. Barnhart*, 278 F.3d 947, 958-959 (9th Cir. 2002).

**2. Analysis**

The ALJ summarized Plaintiff's subjective complaints, noting that she alleged the following: chronic pain, muscle spasm, rigidity, tightening in the legs, gait instability, depression, anxiety, fatigue, a lack of motivation, staring off into space, problems with sleep, memory, understanding, and concentration. The ALJ further noted Plaintiff's statements that she has difficulty standing or walking for more than ten minutes at a time; has to lie down frequently; has to rest for at least six hours a

day; and has trouble lifting, sitting, climbing stairs, bending, kneeling, squatting, reaching, and handling stress. (AR 21.) In discounting Plaintiff's subjective complaints, the ALJ provided the following reasons, none of which is legally sufficient to support his adverse credibility determination.

### a. Lack of support in the medical record

The ALJ concluded that Plaintiff's allegations of "generally disabling symptoms and limitations are not corroborated by the evidence in the record, as discussed above." (AR 31.) The Ninth Circuit has observed that a version of this boilerplate statement is routinely included in an ALJ's decision "as an introduction to the ALJ's credibility determination" after which the ALJ "typically identify what parts of the claimant's testimony were not credible and why." *Treichler*, 775 F.3d at 1103. Here, however, the ALJ simply summarized the medical evidence and then stated that Plaintiff's subjective complaints were inconsistent with the objective medical evidence. The ALJ failed to identify any particular aspect of Plaintiff's testimony and explain how it was inconsistent with specific medical evidence. (*See* AR 21-31.) Thus, the ALJ failed to "link that testimony to the particular parts of the record" supporting his determination. *See Brown-Hunter*, 806 F.3d at 494. Because the ALJ failed to provide specific findings supporting it, his general conclusion that Plaintiff's testimony was not consistent with the objective medical evidence is insufficient. *See Treichler*, 775 F.3d at 1103.

While the Commissioner does point to inconsistencies between Plaintiff's self-reported symptoms and the objective medical evidence, the ALJ's decision does not mention these inconsistencies. The Court cannot affirm the ALJ's decision based on the Commissioner's post hoc rationalizations. *See Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1225 (9th Cir. 2009) ("Long-standing principles of administrative law require [the Court] to review the ALJ's decision based on the reasoning and factual findings offered by the ALJ – not post hoc rationalizations that attempt to intuit what the adjudicator may have been thinking."); *Molina*, 674 F.3d

4

at 1121 ("we may not uphold an agency's decision on a ground not actually relied on by the agency"). Moreover, even assuming that the ALJ properly relied upon the absence of objective medical evidence supporting Plaintiff's allegations, this cannot provide the only basis for his decision to reject her subjective complaints. *See Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005); *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001).

### b. Inconsistent with daily activities

As the Commissioner points out, the ALJ found Plaintiff's daily activities to be "inconsistent with allegations of disability because they suggest that [Plaintiff] is capable of performing appropriate work activities on an ongoing and daily basis." (ECF No. 19 at 8-9; AR 31.) In discussing Plaintiff's daily activities, the ALJ noted the following: "went on a Caribbean cruise, had no problem with personal care; prepare simple meals; perform household chores (including making the bed, doing light cleaning, folding laundry, washing her dishes, sorting through mail, and watering plants); feed her dogs; use a computer; exercise (at a moderate to strenuous level) up to three days a week for an average of sixty minutes a day; drive a car; shop in stores; was able to pay bills, count change, handle a savings account, and use a checkbook or money order; spend time with others, including talking on the telephone; go to meditation class; attend church every Sunday; and go to Bible study." (AR 31.)

To begin with, at least some of the ALJ's characterization of Plaintiff's daily activities is not a wholly accurate portrayal of the record. *See Revels v. Berryhill*, 874 F.3d 648, 668 (9th Cir. 2017) (ALJ erred in discounting credibility based upon claimant's reported daily activities because ALJ failed to acknowledge evidence that claimant also reported that she could complete only some of those tasks in a single day and regularly needed to take breaks). For example, the ALJ states that Plaintiff engages in moderate to strenuous exercise up to three times a week, while the record indicates that "moderate to strenuous exercise" may refer to a brisk walk and its

5

frequency was reduced to twice a week. (AR 2275, 2783.) Although Plaintiff went on a cruise, the record indicates that she was unable to keep up with her friends due to pain. (AR 1067.) Similarly, while Plaintiff indicated she could drive or do laundry, she also stated that she was unable to go out alone and drive while on pain medication and that she needed help lifting the laundry basket. (AR 192, 193.) The ALJ also failed to mention that Plaintiff stated she had flare ups lasting for multiple days, during which she had to rest for entire days. (AR 47.)

Moreover, besides generally stating that Plaintiff's activities suggested the capability of "performing appropriate work activities," the ALJ 's decision did not analyze what testimony was not credible and why. *See Martinez v. Berryhill*, 747 F. App'x 634, 635 (9th Cir. 2019); *Orn*, 495 F.3d at 639. As the Ninth Circuit has made clear, "the mere fact that a plaintiff has carried on certain daily activities, such as grocery shopping, driving a car, or limited walking for exercise, does not in any way detract from her credibility as to her overall disability." *Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001). "House chores, cooking simple meals, self-grooming, paying bills, writing checks, and caring for a cat in one's own home, as well as occasional shopping outside the home, are not similar to typical work responsibilities." *Diedrich v. Berryhill*, 874 F.3d 634, 643 (9th Cir. 2017). Put simply, "A claimant 'does not need to be utterly incapacitated in order to be disabled.'" *Revels*, 874 F.3d at 667 (quoting *Benecke v. Barnhart*, 379 F.3d 587, 594 (9th Cir. 2004)); *see also Garrison*, 759 F.3d. at 1012 ("We have repeatedly warned that ALJs must be especially cautious in concluding that daily activities are inconsistent with testimony about pain, because impairments that would unquestionably preclude work and all the pressures of a workplace environment will often be consistent with doing more than merely resting in bed all day.").

In light of these cautions, an ALJ must identify the testimony found to be not credible, and "link that testimony to the particular parts of the record" supporting the non-credibility determination. *Brown-Hunter*, 806 F.3d at 494. Here, by contrast, the

ALJ's decision fails to explain how any particular activity is inconsistent with specific aspects of Plaintiff's subjective symptom testimony and claims. *See Burrell*, 775 F.3d at 1138 (finding error where "the ALJ did not elaborate on *which* daily activities conflicted with *which* part of Claimant's testimony") (emphasis in original). The ALJ should have "thoroughly considered and discussed Claimant's testimony, accepted some of it, and explained why he rejected the rest." *Dewey v. Colvin*, 650 F. App'x 512, 514 (9th Cir. 2016). The failure to do so fell short of meeting the ALJ's responsibility to provide "a discussion of the evidence" and "the reason or reasons upon which" his adverse determination is based. *Treichler*, 775 F.3d at 1103 (quoting 42 U.S.C. § 405(b)(1)).

### c. Evidence of malingering

The Commissioner points to the ALJ's reference to evidence that Plaintiff exhibited "give-away" weakness and gave poor effort upon testing. (*See* AR 21-22 citing AR 304, 868.) According to the Commissioner, the ALJ's reference suggests that he determined that Plaintiff was malingering. (ECF No. 19 at 10.)

If supported by the record, an ALJ's finding of malingering is sufficient to support an adverse credibility determination. *See Benton v. Barnhart*, 331 F.3d 1030, 1040 (9th Cir. 2003); *see also, e.g., LaGrand v. Comm'r of Soc. Sec. Admin.*, 379 F. App'x 555, 556 (9th Cir. 2010) (citing *Benton* for the proposition that "[t]he ALJ was entitled to reject LaGrand's testimony because there was evidence of malingering"). Here, the ALJ did not make an affirmative finding that Plaintiff was malingering.

In summarizing the medical record, the ALJ discussed two medical records – a June 2013 examination noting that Plaintiff exhibited giveaway weakness on the right hip with flexion and a September 2013 treatment note stating that Plaintiff gave "[e]xtremely poor effort on neuro exam," making accurate evaluation difficult. (AR 22 citing AR 868.) The June 2013 notes include the physician's opinion that Plaintiff's symptoms could be psychologically or emotionally related. (AR 304-305.)

7

The September 2013 notes indicate that the current test was improved from prior visits and made no statement about malingering. (AR 868-870.) Notably, neither doctor opined that Plaintiff was malingering.

In support of her argument, the Commissioner relies upon *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002). In that case, the ALJ explicitly interpreted the claimant's efforts to impede accurate testing of her limitations as evidence of her lack of credibility. In this case, by contrast, other than summarizing the aforementioned medical records, the ALJ's decision does not include a finding that Plaintiff was malingering. Nor did the ALJ purport to base his adverse credibility determination on a finding of malingering. Consequently, the Court cannot rely upon it as a basis to affirm the ALJ's decision. *See Treichler*, 775 F.3d at 1103.

### d. Evidence of missed appointments and non-compliance with treatment

"A claimant's subjective symptom testimony may be undermined by an 'unexplained, or inadequately explained, failure to ... follow a prescribed course of treatment.'" *Trevizo*, 871 F.3d at 679 (quoting *Fair*, 885 F.2d at 603); *see also* SSR 16-3p, 2017 WL 5180304, at *9 (failure to follow treatment may result in an ALJ finding that the alleged intensity and persistence of symptoms are inconsistent with the overall record, but only after considering possible reasons the claimant may not comply with or seek treatment consistent with the degree of her complaints). Failure to assert a reason for not following treatment "can cast doubt on the sincerity of the claimant's pain testimony." *Trevizo*, 871 F.3d at 679 (quoting *Fair*, 885 F.2d at 603) (internal quotation marks omitted); *see Mendoza v. Berryhill*, 2017 WL 1294072, at *7 (C.D. Cal. Apr. 5, 2017) (missing dozens of appointments constituted substantial evidence supporting ALJ's decision); *cf. Strainer v. Berryhill*, 2018 WL 3629916, at *5 (C.D. Cal. July 30, 2018) (where claimant had valid reasons for missed appointments, they did not constitute a clear and convincing reason supported by substantial evidence that her statements were not credible).

While the Commissioner does not point to it as a reason to affirm the decision, the ALJ mentions that "[t]here is also some evidence of failing to show up for medical appointments and non-compliance with treatment (as discussed above)." (AR 31.) The record includes four years of medical treatment, and the ALJ's decision only identifies three missed appointments during that span of time. (AR 23, 27, 28, citing AR 1151, 1926, 2004.) One of these appointments appears to have been missed because Plaintiff was in urgent care on that date. (AR 227.) All three appear to have been rescheduled. (AR 1150, 1934, 2011.) Thus, to the extent that the ALJ relied upon a failure to appear for medical treatment, his conclusion is not supported by substantial evidence in the record.

With regards to purported non-compliance with treatment, the ALJ cites two pages from the record: one reflecting Plaintiff's report that she did not want to take Tramadol even though a nurse told her to take it, and the other describing how Plaintiff "took herself off Tramadol" and declined to increase the dosage of Zoloft as recommended by her physician. (AR 24, citing AR 1096, 1175.) Contrary to the ALJ's suggestion, the record demonstrates that Plaintiff did take Tramadol and subsequently increased her Zoloft dosage. (AR 1096, 1162.) Second, Plaintiff's hesitancy to use or increase medication is explained in the record, which reflects her concern about them. For example, notations indicate that Plaintiff is "fearful and tentative of meds" and that "[s]he fears new medications because she gets adverse side effects. (Like she did to Effexor)." (AR 1175, 1181.) Indeed, Plaintiff's physician informed her to be careful mixing Tramadol and Zoloft because "Tramadol can increase the blood level of Zoloft." (AR 1166.) Thus, to the extent that the ALJ may have relied upon failure to appear for treatment or non-compliance to discount Plaintiff's subjective testimony, such a reason lacks substantial support in the record.

In sum, the ALJ failed to provide a sufficient clear and convincing reason to support the decision to discredit Plaintiff's subjective complaints. Further, the Court cannot conclude that the ALJ's error was harmless. *See, e.g., Brown-Hunter*, 806

F.3d at 492 (ALJ's failure adequately to specify reasons for discrediting claimant's testimony "will usually not be harmless"). In light of the significant functional limitations reflected in Plaintiff's subjective statements, the Court cannot "confidently conclude that no reasonable ALJ, when fully crediting the [plaintiff's] testimony, could have reached a different disability determination." *Stout v. Comm'r of Soc. Sec. Admin.*, 454 F.3d 1050, 1055-1056 (9th Cir. 2006).[2]

## REMEDY

"When the ALJ denies benefits and the court finds error, the court ordinarily must remand to the agency for further proceedings before directing an award of benefits." *Leon v. Berryhill*, 880 F.3d 1041, 1045 (9th Cir. 2018). Indeed, Ninth Circuit case law "precludes a district court from remanding a case for an award of benefits unless certain prerequisites are met." *Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2016) (citations omitted). "The district court must first determine that the ALJ made a legal error, such as failing to provide legally sufficient reasons for rejecting evidence. . . . If the court finds such an error, it must next review the record as a whole and determine whether it is fully developed, is free from conflicts and ambiguities, and all essential factual issues have been resolved." *Dominguez*, 808 F.3d at 407 (citation and internal quotation marks omitted).

Although the Court has found error as discussed above, the record on the whole is not fully developed and factual issues remain outstanding. The issues concerning Plaintiff's alleged disability "should be resolved through further proceedings on an open record before a proper disability determination can be made by the ALJ in the first instance." *See Brown-Hunter*, 806 F.3d at 496; *see also Treichler*, 775 F.3d at 1101 (remand for award of benefits is inappropriate where "there is conflicting

---

[2] In light of the Court's finding with regard to the credibility issue, it declines to address the remaining issue raised by Plaintiff. *See Hiler v. Astrue*, 687 F.3d 1208, 1212 (9th Cir. 2012) ("Because we remand the case to the ALJ for the reasons stated, we decline to reach [Plaintiff's] alternative ground for remand.").

evidence, and not all essential factual issues have been resolved") (citation omitted); *Strauss v. Comm'r of Soc. Sec. Admin.*, 635 F.3d 1135, 1138 (9th Cir. 2011) (same where the record does not clearly demonstrate the claimant is disabled within the meaning of the Social Security Act).

Accordingly, the appropriate remedy is a remand for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g). It is not the Court's intent to limit the scope of the remand.

\*\*\*\*\*\*\*\*\*\*\*

IT IS THEREFORE ORDERED that Judgment be entered reversing the decision of the Commissioner of Social Security and remanding this matter for further administrative proceedings consistent with this opinion.

DATED: 4/23/2019

*[signature]*

ALEXANDER F. MacKINNON
UNITED STATES MAGISTRATE JUDGE